**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 6, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50393
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ECHOLS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-1578-PRM
- - - - - - - - - -

Before JOLLY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Echols appeals his convictions and sentences, following a jury trial, of mail fraud and wire fraud, in violation of 18 U.S.C. §§ 1343 and 1341.

Echols contends that the trial evidence was insufficient to support his convictions. Echols maintains that the evidence established neither that he made false representations to Ronnie Morgan, whose $33,333 investment with Echols was never returned to him, nor that any such representations were material. The evidence was not insufficient to support the convictions.

----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See United States v. Rivera, 295 F.3d 461, 466 (5th Cir. 2002); United States v. Peterson, 244 F.3d 385, 389 (5th Cir. 2001); United States v. El-Zoubi, 993 F.2d 442, 445 (5th Cir. 1993). The evidence showed that Echols solicited the investment from Morgan by falsely telling him that his investment was the final requirement for a sports-bar "deal" for which the negotiations had otherwise been completed, when the negotiations for the project were in fact foundering. These misrepresentations were material because they had a natural tendency to influence Morgan's decision. See Neder v. United States, 527 U.S. 1, 16 (1999).

Echols contends that the district court erred in imposing a two-level offense-level increase under U.S.S.G. § 3B1.3, based on his abuse of a "position of trust." The district court's conclusion was not clearly erroneous, see United States v. Deville, 278 F.3d 500, 508 (5th Cir. 2002), because both trial evidence and Presentence Report information showed that Echols occupied a "position of trust," in that he was the chairman of a company involved in securing loans for high-risk borrowers and that Echols also solicited investments for business projects for such borrowers.

The convictions and sentences are thus AFFIRMED.